UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO JAVIER LOPEZ,
    Plaintiff,
    v.
LAKE COUNTY JAIL, et al.,
    Defendants.

Case No. 20-cv-03120-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Lake County Jail ("LCJ"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations that occurred at LCJ. His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at LCJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff states two claims: (1) sexual harassment stemming from an incident in 2012; and (2) deliberate indifference to Plaintiff's serious medical needs. Plaintiff names the following Defendants: Lake County Jail; Lake County Sheriff's Office; County of Lake; Lieutenants Jason Findley and R. Ward; Captain Norm Taylor; and Physician Assistant Phill Wilcox from Well Path Medical Group. Under relief, Plaintiff states that he wishes for Defendants "to be punished as we are punished when we break the law," and thus it seems that he seeks prosecution of the named Defendants.

For the reasons stated below, the complaint is DISMISSED with leave to amend.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

1 that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Sexual Harassment

A prisoner may state an Eighth Amendment claim under section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation -- the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of force. *See Hudson*, 503 U.S. at 9-10; *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g., Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff claims that in 2012, "a county employee by the name of Peggy Perry Engstrom[1] sexually assaulted [Plaintiff] while [he] was working in the kitchen." Dkt. 1 at 3. Plaintiff states that the incident was reported to Ms. Engstrom's superior, Defendant Findley, who then sent Ms. Engstrom home on administrative leave, pending the investigation. *Id.* Plaintiff also claims that, according to Defendant Taylor, the evidence from such investigation was destroyed. *Id.* While Plaintiff lists Defendants Findley, Taylor and Ward as named Defendants, Plaintiff does not specifically link these Defendants to the aforementioned sexual harassment claim other than their involvement in the investigation into the incident and in sending Ms. Engstrom on administrative leave.

### 2. Deliberate Indifference to Plaintiff's Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Here, Plaintiff seems to claim that at the present time, jail medical staff has delayed the process of administering care for Plaintiff's glaucoma by failing to allow him to be examined by an optometrist and denying him prescription glasses. Dkt. 1 at 3. According to Plaintiff, at the time he filed his complaint, eight months had passed since he requested prescription glasses, to no avail. While Plaintiff lists Defendant Wilcox (who is a physician assistant) as a named Defendant, Plaintiff does not link this Defendant to the aforementioned deliberate indifference claim.

### 3. Pleading Requirements

Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative

---

[1] Ms. Engstrom is not a named Defendant in this action. *See* Dkt. 1 at 2.

1  with respect to or arising out of the same transaction, occurrence, or series of transactions or

2  occurrences" and if "any question of law or fact common to all defendants will arise in the action."

3  Fed. R. Civ. Pro. 20(a).

4        Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and

5  direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of

6  complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

7  While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to

8  give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v.*

9  *Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).  A complaint that fails to

10  state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice

11  requirements of Rule 8(a).  *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir.

12  1982).  However, under section 1983, liability may be imposed on an individual defendant only if

13  the plaintiff can show that the defendant proximately caused the deprivation of a federally

14  protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A supervisor may be

15  liable under section 1983 only upon a showing of (1) personal involvement in the constitutional

16  deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and

17  the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)

18  (en banc).  Under no circumstances is there respondeat superior liability under section 1983.

19  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

20        In this action, Plaintiff raises a claim stemming from and alleged sexual assault incident in

21  2012 as well as a deliberate indifference claim stemming from the jail medical staff's failure to

22  treatment for his glaucoma or to provide him with prescription glasses.  However, the two claims

23  are unrelated and thus do not meet the joinder requirements above.  Plaintiff also fails to identify

24  which of the named Defendants are to be held liable for each claim.  Plaintiff's claims cannot

25  proceed as pleaded because he has not directly linked the named Defendants to his allegations.

26  Further, a few of the named defendants seem to be supervisory officials, against whom liability is

27  alleged solely in their respondent superior capacity, which is improper.  *Id.*  In addition, Plaintiff

28  has not alleged grounds for municipal liability against Defendants Lake County Jail, Lake County

United States District Court
Northern District of California

Sheriff's Office, of the County of Lake based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Finally, Plaintiff must more clearly state his relief requested, i.e., whether he seeks monetary/injunctive relief or prosecution of the named Defendants.

Accordingly, the Court DISMISSES the complaint with leave to amend. In his Amended Complaint, Plaintiff may only allege claims that: (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all the defendants named therein. Plaintiff must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his new actions, they will be dismissed.

Plaintiff's allegations are also DISMISSED with leave to amend to set forth specific facts showing how each named Defendant was violated his constitutional rights, if he can truthfully do so. In his amended complaint, Plaintiff must allege specific facts showing what each defendant did or failed to do that amounted to a constitutional violation. Plaintiff must also specify: (1) the location of the incident, and (2) any injuries or other damages he suffered as a result of the incident. Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634. Finally, Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor*, 880 F.2d at 1045.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise, and direct** Amended Complaint against Defendants which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each defendant** and the **specific action or actions each**

5

1 **defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's
2 constitutional rights; and

3       iii. Identify the injury resulting **from each claim**;

4    b. Explains how he has exhausted his administrative remedies **as to each claim** as
5 against **each defendant** before he filed this action;

6    c. Only alleges those claims that are properly joined under Rule 20(a) (concerning
7 joinder of claims and defendants) or, stated differently, the Amended Complaint may only allege
8 claims that:

9       i. Arise out of the **same** transaction, occurrence, or series of transactions
10 or occurrences; and

11       ii. Present questions of law or fact common to **all defendants**;

12    d. Does not make conclusory allegations linking each defendant by listing them as
13 having "direct involvement" to his claims without specifying how each defendant was linked
14 through their actions; and

15    e. **Does not** name any defendant who did not act but is linked solely in his or her
16 respondent superior capacity or against whom Plaintiff cannot allege facts that would establish
17 either supervisorial or municipal liability.

18    2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his
19 Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the
20 case number for this action—Case No. 20-cv-03120-YGR (PR)—on the form, clearly label the
21 complaint "Amended Complaint," and complete all sections of the form. Because the Amended
22 Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he
23 wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S.
24 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff
25 wishes to attach any additional pages to the civil rights form, he shall maintain the same format as
26 the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies"
27 section without including a narrative explanation of each grievance filed.

28    **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or**

6

**to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: October 30, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge